NOT FOR PUBLICATION

FILED

DEC 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30036 |
| Plaintiff - Appellee, | D.C. No. 1:01-cr-00107-EJL |
| v. | |
| ROLAND BOYD MAXFIELD, III, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Roland Boyd Maxfield, III, appeals from the district court's judgment and challenges the 10-month custodial sentence and 26-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Maxfield contends that the district court procedurally erred by failing to explain adequately the sentence imposed. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Although the district court did not explicitly reject the arguments raised by Maxfield, the record reflects that it considered those arguments along with the 18 U.S.C. § 3583(e) factors, and adequately explained the sentence imposed. *See United States v. Carter*, 560 F.3d 1107, 1118-19 (9th Cir. 2009) (district court has no obligation to address defendant's arguments on the record where it is clear from the context that the arguments were heard); *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Maxfield also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Maxfield's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 10-month custodial sentence at the top of the Guidelines range, followed by 26 months of supervised release, is substantively reasonable in light of the section 3583(e) factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

13-30036